[No. 16167.    Department One.    April 18, 1921.]

JOHN B. MANARAY et al., Appellants, v. WILLARD BRADY et al., Respondents.[1]

DEAD BODIES (1)—PLACE OF BURIAL—RIGHT TO SELECTION.    The primary right to control the burial place of a deceased spouse rests with the other spouse, in the absence of peculiar circumstances controlling in a particular case.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered April 10, 1920, denying a mandatory injunction requiring defendant to remove the body of his wife to its original place of burial. Affirmed.

Grant A. Dentler, for appellants.

J. H. Gordon and Blackburn & Gielens, for respondents.

PER CURIAM.—Mary Brady died on April 1, 1918. At the time of her death, she was the wife of the respondent, Willard Brady, with whom she had intermarried on April 9, 1914. Mrs. Brady was formerly the wife of the appellant, John B. Manaray, with whom she intermarried on November 18, 1890. She remained his wife until October 10, 1913, when she was divorced

[1]Reported in 197 Pac. 624.

from him at her suit. As the issue of this marriage, there were born to the parties, the appellants, Roy Manaray, Harvey Manaray, Neva Flory, and one Clark Manaray who died in early boyhood.

On the death of Clark Manaray, there was purchased a lot in the burial grounds of the respondent, Tacoma Cemetery, in which he was interred. The title to this lot was taken in the name of the appellant John B. Manaray, and in the decree of divorce entered between him and his then wife, no mention was made of the lot.

On the death of Mrs. Brady, she was first interred in the burial lot with her son Clark. This was consented to by the respondent, Brady, under the mistaken belief that the lot was her property. On discovering his mistake, the respondent purchased another lot in the same cemetery, some forty feet distant from the first mentioned lot, and caused the body of his wife to be removed from its first burial place and reburied therein. This he did without consultation with or notice to the appellants. In the present proceeding, the appellants seek a mandatory injunction, requiring the body to be exhumed and reburied in its original place of burial. The trial court denied the relief sought, and this appeal is from its judgment.

The right to determine the burial place of a deceased person received the consideration of this court in the case of *Wood v. Butterworth & Sons*, 65 Wash. 344, 118 Pac. 212. It was there recognized, that upon the death of one of the spouses, the primary right to control the burial place of the deceased spouse rested with the other, but that there was no hard or fast rule in such cases; that the right might be controlled by the peculiar circumstances of the particular case. Recognizing the principle so announced, the appellants in this instance introduced much testimony and have filed in this court

an extended argument in an effort to show that the peculiar circumstances of the case confer on them the superior right to determine the matter. We shall not review either the evidence or the argument. To do so would be but an effort to justify a conclusion already reached on the facts in which no rule could be laid down which would serve as a guide to the determination of future causes. It is sufficient to say, therefore, that we find no reason to reverse the holding of the trial court to the effect that the respondent in removing and reinterring the body of his wife acted within his just rights.

Affirmed.